**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STATE OF NORTH CAROLINA, on
relation of DONALD REAVES,
<u>Plaintiff-Appellant,</u>

v.

R. J. MCCURRY, Individually and in
his official capacity as Deputy
Sheriff; PEERLESS INSURANCE
COMPANY SURETY,                                          No. 98-2038
<u>Defendants-Appellees,</u>

and

WALTER A. BURCH, Sheriff,
Individually and in his official
capacity as Sheriff of Guilford
County; GUILFORD COUNTY,
<u>Defendants.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Paul Trevor Sharp, Magistrate Judge.
(CA-96-851-2)

Submitted: February 16, 1999

Decided: March 22, 1999

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Romallus O. Murphy, Sr., Greensboro, North Carolina, for Appellant. William L. Hill, BURTON & SUE, L.L.P., Greensboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On June 4, 1992, the Defendant, Officer R. J. McCurry and other North Carolina police officers executed a valid search warrant at the home of Carole Moore in Greensboro, North Carolina. Based upon information discovered at this scene, McCurry subsequently arrested the Plaintiff, Donald Reaves for various drug offenses under North Carolina law. Following his arrest, McCurry secured a Magistrate Judge's order authorizing detention of Reaves on the ground that probable cause existed to believe that he violated North Carolina drug law. McCurry also completed a "Report of an Arrest and or/seizure of non tax pad controlled substances" form resulting in an assessment of controlled substance tax against Reaves' property. Eventually, the criminal charges against Reaves were dismissed. [1] When Reaves failed to appear to contest the assessment, however, it became final.

In response to these events, Reaves filed a 42 U.S.C.A. § 1983 (West Supp. 1998) complaint against McCurry, the Sheriff, Peerless Insurance Company, and Guilford County. The Defendants successfully moved for summary judgment. Pursuant to Reaves's motion, the Sheriff and Guilford County have been dismissed as parties to this

_____

[1] The state reasons for dismissal were: (1) Carol Moore refused to testify against Reaves; and (2) the narcotics were not in the continuous possession of Reaves.

2

appeal. In addition, Reaves' brief does not contest the grant of summary judgment as to Peerless Insurance Company, and thus the claims involving that defendant are waived. As to Defendant McCurry, Reaves alleges only that McCurry arrested him without probable cause and that the magistrate judge therefore erred in granting McCurry's motion for summary judgment on the basis of qualified immunity.[2] Because he does not address McCurry's actions in regard to the tax assessment, that claim is also waived.

This Court reviews a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences are to be drawn in favor of the non-moving party. See Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

To succeed on an action for false arrest, Reaves must demonstrate that his arrest was not supported by probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). McCurry, however, has raised the defense of qualified immunity, making the relevant question: whether a reasonable officer would have believed that the arrest was supported by probable cause. See Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir. 1998). Review of the materials submitted by the parties leads us to conclude that a reasonable officer possessing the information McCurry possessed would have believed probable cause to arrest Reaves existed. Specifically, we note the following.

McCurry received two Crime Stopper tips that Reaves was involved in the sale of cocaine, and McCurry knew that Reaves had previously been charged with a narcotics violation. In addition, a confidential informant told McCurry that Moore and Bonite Loudermilk were selling cocaine supplied by Moore's live-in boyfriend. McCurry himself also made two undercover buys of cocaine from Moore and Loudermilk during which Loudermilk stated that the cocaine was supplied by Moore's boyfriend. Thereafter, another informant told

_____

**2** The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636 (1994).

3

McCurry that the informant had purchased cocaine from Moore and had seen a large quantity of the drug at 1715 Hannaford Road, a residence allegedly shared by Moore and Reaves.

McCurry then conducted surveillance of the residence during which times he observed two vehicles owned by Reaves parked at the residence for extended periods of time. Subsequent to this surveillance, McCurry overheard a conversation between Moore and another individual in which Moore stated that she had drugs for sale at the Hannaford Road residence. Based on this information, McCurry secured a search warrant for the residence. The ensuing search revealed 150 grams of cocaine, 228 grams of marijuana, over $3,000 in currency, and multiple firearms. Officers also found sales receipts from a business owned by Reaves, receipts from a New York jewelry shop in Reaves' name, a receipt for the preparation of tax forms for Reaves, two prescription pill bottles with Reaves' name, various items of men's clothing, and a rack of men's shoes.

We find that a reasonable officer in possession of these facts would believe the arrest of Reaves to be supported by probable cause, and hence we agree with the magistrate judge's determination that McCurry's actions are shielded by qualified immunity. In reaching this determination, we have considered Reaves' proffered evidence-- including affidavits from both Moore and her mother stating that they told McCurry that the drugs belonged to Moore and that Reaves did not reside at the Hannaford Road residence,[3] and the fact that a male friend of Moore's, Esbie Davis, was present at the residence when it was searched--but nonetheless conclude that a reasonable officer in McCurry's position would believe the arrest to be supported by probable cause. Accordingly, we affirm the magistrate judge's grant of summary judgment in favor of McCurry on the basis of qualified immunity. We dispense with oral argument because the facts and

_____

[3] According to McCurry, both Moore and her mother stated that the drugs belonged to Reaves, who resided at the Hannaford Road address. Reaves, however, has presented affidavits from both parties in which they state that they told McCurry that Reaves did not live there and that the drugs belonged to Moore. The rules of summary judgment compel us to accept Reaves' version of events in regard to this conflict. See Fed. R. Civ. P. 56.

4

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED